THE STATE OF DELAWARE, on the relation of Eugene H. Shallcross and Richard E. Norris, *v.* JOHN C. SLAUGHTER, the Clerk of the Peace in and for Kent County, State of Delaware.

*(October 23, 1940.)*

TERRY, J., sitting.

*Ivan Culbertson* for Relators.

*Howard E. Lynch, Jr.,* for Defendant.

Superior Court for Kent County, Mandamus, October Term, 1940.

TERRY, J.:

On Tuesday, October twenty-second, at 10 A. M., the attorneys agreed that the case should be heard at that time. The defendant did not file an answer in accordance with said summons; however, he made a motion that the proceedings be dismissed for the following reasons:

1. That the relators are not the proper parties to bring this proceeding in mandamus for the enforcement of the performance of the acts set forth in the petition.

2. That the petition does not set forth by what authority the relators propose to act as a presiding officer of a State Convention and as Chairman of the County Committee.

3. That the petition for the writ of mandamus does not allege that the Liberal Democratic Party is a political party within the meaning of the statutes of the State of Delaware.

4. That the petition does not set forth the names of the candidates of the so-called Liberal Democratic Party, nor the eligibility of such candidates to hold the offices for which they have been allegedly nominated.

5. That the petition does not set forth that the alleged candidates were selected in accordance with the provisions of the laws of Delaware.

The court, in disposing of the defendant's motion, setting forth the above reasons, concluded—

■ 1. That the objection raised by the first reason was not tenable. The court passed upon this question in the case of *State v. Corley,* 6 *W. W. Harr.* (36 *Del.*) 135, 172 *A.* 415, wherein it is stated, among other things, that a citizen and taxpayer may bring a mandamus proceeding—the purpose of which is to enforce the performance of public duties.

2. The defendant has withdrawn and does not rely on the second reason advanced under his motion.

■ ■ 3. The defendant, concerning the third reason, contends that the words "political party" should be set forth in the mandamus petition, and, since the words are not so set forth, that the petition should be dismissed. The court cannot hold this contention tenable, as the petition itself sets forth the fact that State and County Conventions were held, at which time candidates were nominated for Governor and other state offices, United States Senator, Representative in Congress, Presidential Electors and County Offices. The petition further alleges that the ones nominated to the several offices were included in certificates of nominations heretofore filed with the Clerk of the Peace in this county.

Under the above facts, the court cannot escape the conclusion that the Liberal Democratic Party of the State of Delaware and the Liberal Democratic Party of Kent County are political parties within the meaning of the statutes of the State of Delaware. It must be borne in mind that a petition in mandamus as a whole must be considered, and not any section or paragraph apart from the remainder of said petition.

■ 4. The defendant, concerning the fourth reason, contends, due to the fact that the petition in mandamus does not set forth the names of the candidates of the so-

called Liberal Democratic Party, nor the eligibility of such candidates to hold the offices for which they have been allegedly nominated, that the petition should be dismissed. The petition in mandamus sets forth the fact that the State and County Conventions were held, and at such conventions nominees were selected for various offices, and that the names of the nominees so selected were included in a certificate filed with the Clerk of the Peace at Dover on the fifteenth day of October, nineteen hundred and forty.

The court concludes that such allegations as set forth in the petition of mandamus, as aforesaid, clearly places the defendant in a position from which he could acquire such knowledge or facts as to properly prepare an answer and meet the questions here presented by him at the trial of the issue.

It is not necessary for the petition in mandamus to go beyond the statutory requirements as to the filing of certificates of nominations. Such certificates under *Section* 1811 of the *Code* must meet the requirements therein stated. The defendant does not contend that the petition does not meet the necessary allegations pertaining to that section, but goes further and contends that the petition must state the candidates or nominees are above a certain age, and that they have been citizens for a certain time, in order to qualify them for the offices to which they have been nominated.

The defendant cited the case of Governor. The *Constitution,* as an example, states that the Governor shall be thirty years of age. Can it be argued that he must be thirty years of age at the time he is nominated and his name is filed with the Clerk of the Peace? The court is of the opinion that he can attain the age of thirty the day before he is to take his oath of office, and yet come within the limits of the law.

There can be no doubt concerning certain constitutional and statutory qualifications regarding the holding of public office. However, for the defendant to enforce his contention, a different course must, out of necessity, be pursued.

■ 5. As to the fifth reason, advanced by the defendant, that the petition does not set forth that the candidates were selected in accordance with the provisions of the laws of Delaware, because the Primary Election Laws of this State were not complied with, is not tenable, as under *Section* 1810 of the *Revised Code* of 1935 a political party may organize in one or more ways. It may organize by holding a convention and later complying with the Primary Laws of the State of Delaware, or it may organize by the holding of a convention and not complying with the Primary Election Laws as to the selection of its nominees, but by nominating and selecting its nominees at such convention, which course was taken by the Liberal Democratic Party of the State of Delaware and the Liberal Democratic Party of Kent County.

Having disposed of the reasons in support of the motion to dismiss the petition, the defendant, by consent of the relator, instead of filing a written answer, made an oral answer to the said petition. There are two questions raised under the answer of the defendant.

■ 1. The defendant contends that the call of the County Convention had to be a public call, in order that the business transacted at said convention be valid. The defendant contends that such a call would have to be by way of public notice; viz., the public press, radio, or otherwise, so that all persons in Kent County would have an opportunity to attend said convention.

The evidence before the court, under this contention,

was that twelve persons met at the home of William F. Parker in Kent County, and there held a convention, at which time they organized the Liberal Democratic Party of Kent County, and that Richard Norris, at said convention, was designated as the Chairman of said Party, and that William F. Parker was designated as Secretary of said Party. The call for this gathering, or convention, was by word of mouth from one to another who desired to attend that convention. The call was not published, and the general public had no knowledge of such a call.

The defendant cited two or three cases in support of his contention. However, a study of the cases reveal that the courts therein were construing statutes of each particular state concerning the holding of a political convention. The cases presented do not support the contention of the defendant herein, as we do not have similar statutes to those construed, or any statute designating the manner in which the call of a political convention should be issued. Even though it might be considered expedient to issue a public call concerning the holding of a convention for the purpose of organizing a political party, yet such a notice as herein given is not contrary to any expressed legislative will. Therefore, the court must hold that it is not necessary, under the Delaware statutes, to issue a public call for a convention for the purpose of organizing a political party.

2. The second question herein presented by the defendant, under his answer, is that at the time the certificates setting forth the names and addresses of the nominees were filed with the Clerk of the Peace, a certificate, or list of names, was filed setting forth the names of approximately five hundred and seventy persons. The addresses appear opposite the names of most of the persons.

Under *Section* 1810 of the *Revised Code* of 1935 the following is set forth:

"No organization shall be regarded as a political party that does not represent at least five hundred bona fide citizens and voters of the County in which it exists. If the Clerk of the Peace should have any doubt as to the sufficiency of the number of bona fide voters represented by any organization in any County, he may demand a certificate containing the signatures and addresses of two hundred and fifty voters belonging to such an organization as to that fact."

Under this section, it is quite clear that, if a political party files a certificate setting forth the names and addresses of its nominees and the other necessary requirements thereof, the Clerk of the Peace of the county in which said certificate is filed may, if he doubts that the organization filing said certificate has five hundred members, demand that that organization file a certificate containing the signatures and addresses of two hundred and fifty voters belonging to such an organization, wherein the fact is set forth in said certificate that the organization has a membership of five hundred bona fide citizens and voters of the county in which it exists.

The defendant, under this contention, relies on the fact that the list of names, or certificate, filed at the time the certificates containing the names and addresses of the nominees and other facts were filed, was a certificate in compliance with a demand that the Clerk of the Peace could make under *Section* 1810, aforesaid, and, since the certificate had been so filed containing the names of approximately five hundred and seventy persons, that his refusal to accept that certificate relieved him of the necessity of making a request for a certificate under *Section* 1810, aforesaid.

The defendant contends that the certificate is not in proper form, in that the language heading said certificate, and being the only language thereon, except the names and addresses, is as follows:

"We the undersigned are bona fide citizens of Kent County of the State of Delaware and are members of the Liberal Democratic Party."

The defendant contends that this certificate not being in compliance with *Section* 1810, and, by reason of the insufficiency thereof, the Clerk of the Peace was justified in refusing to accept the certificates of nominations, and that a peremptory writ of mandamus should not issue.

The contention of the relators is that the list of names, or certificate, which was filed at the time the certificates of nominations were filed, was not so filed in compliance with *Section* 1810, aforesaid. That it was filed for the sole reason of being of assistance to the Clerk of the Peace in ascertaining the fact as to whether or not the party had five hundred or more members, and that, if the certificate, or list of names, was not sufficient to satisfy the Clerk of the Peace, then, and in that event, the Clerk of the Peace could, under *Section* 1810, demand the filing of a certificate in accordance therewith.

Testimony was offered by both parties, and the following witnesses testified relative to the certificate, or list of names, aforesaid:

1. Eugene H. Shallcross.

2. Richard Norris.

3. Harry C. McSherry.

4. John C. Slaughter.

The testimony of Eugene Shallcross disclosed that he was, and still is, the Chairman of the Liberal Democratic Party of the State of Delaware, and that he, in the presence of Richard Norris and David Waxman, did file with the Clerk of the Peace, on the fifteenth day of October, a certificate setting forth the names and addresses of the nominees of the Liberal Democratic Party of the State of Delaware to be voted on at the next general election, and that at the same time a certificate, or list of names and

addresses containing approximately five hundred and seventy in number, was left with the Clerk of the Peace for the purpose of impressing upon the Clerk of the Peace the strength or following of the Liberal Democratic Party.

Mr. Shallcross testified that, as Chairman of the State Liberal Democratic Party, he had no knowledge of the fact that the Clerk of the Peace could demand a certificate under *Section* 1810, and that the certificate, or list of names, was not left for any purpose whatsoever except as above stated.

Richard Norris testified that he was present at the time the certificate, or list of names, was filed, as aforesaid, and that it was done in the hope of preventing delay. Mr. Norris testified that he was familiar with *Section* 1810, aforesaid, and that he thought, as the certificate, or list of names, aforesaid, was left with the Clerk of the Peace, the Clerk of the Peace would in all probability recognize that the party had five hundred members or more, and that he would not exercise his right by challenging that fact and demanding a certificate containing two hundred and fifty names under *Section* 1810. Mr. Norris stated that the certificate was not filed under *Section* 1810.

Harry C. McSherry testifed that he was, at the time of filing said certificate, and still is, a deputy in the office of the Clerk of the Peace. That he was present at the time the certificates of nominations were filed, and at the time the certificate, or list of names, was handed to the Clerk of the Peace, and further testified that there was no conversation that took place between any of the persons present relating to the purpose for which the certificate was filed.

John C. Slaughter, Clerk of the Peace, stated that the certificates of nominations were presented to him, and at

the same time the certificate, or list of names, was left with him, and that there was no statement made by Mr. Slaughter, by Mr. Norris, by Mr. Waxman, or by Mr. Shallcross as to the purpose for leaving said certificate. Mr. Slaughter did testify that he was under the impression that the certificate, or list of names, was presented to satisfy him that the party had five hundred members. However, as above stated, there was no statement to this effect made by any of the persons present.

It further appears, from the testimony, that on the seventeenth day of October Mr. Slaughter, the Clerk of the Peace, aforesaid, wrote letters to Mr. Shallcross, Chairman of the Liberal Democratic Party, and Mr. Norris, Chairman and presiding officer of the Liberal Democratic Party of Kent County, stating that he refused to file the State and County tickets, as certified and presented, for the reason that he was not convinced that the State and County parties were political parties, and that the parties each contained in number five hundred bona fide citizens and voters. The Clerk of the Peace in his letter, although questioning the number of the membership of the parties, did not demand a certificate consisting of two hundred and fifty names and addresses to be filed, as set forth under *Section* 1810, and it nowhere appears in the testimony that such a certificate was ever demanded by the Clerk of the Peace from either the State or the County parties, or from anyone representing either of them.

It appears to the court that this question should be viewed from two angles. The first angle being, what legal effect, if any, did the filing of a certificate, or list of names, not being in accordance with a certificate that could be demanded under *Section* 1810 have when no demand had ever been made for the filing of such certificate? It is the opinion of the court, if no demand was made by the

Clerk of the Peace for the filing of a certificate under Section 1810, and a certificate was, in fact, filed which did not meet the requirements of *Section* 1810, such certificate would have to be considered surplusage, for the simple reason that there was no duty to file such a certificate until a demand had been made by the Clerk of the Peace, and, at the time the certificate was filed, clearly, from the evidence, no demand had been made and the filing of a certificate, under such circumstances, if it be not in proper form, would not, as a matter of law, relieve the Clerk of the Peace from the duty, if he questioned the number of members of the parties, to demand a certificate in proper form under *Section* 1810.

In viewing this question under the second angle, it narrows itself down to a question of proof. That is to say, for what purpose was the certificate, or list of names, left with the Clerk of the Peace, and for what purpose did the Clerk of the Peace accept the certificate, or list of names?

There could be no question, if the certificate, or list of names, was filed with the expressed understanding between the parties that it was a certificate to comply with *Section* 1810, as, in that event, I am of the opinion that the relators would be estopped, so to speak, or barred from taking a different point of view at this time. However, the testimony does not bear out such a circumstance, as each witness has testified as to the purpose of the filing of the certificate, or list of names, and it nowhere appears, from the testimony of any witness, that it was the understanding between the parties, at the time the certificate was filed, that it was being filed under *Section* 1810, aforesaid.

Under the court's conclusions, as herein set forth, the Clerk of the Peace cannot deny the right of the Liberal Democratic Party of Delaware and the Liberal Democratic

Party of Kent County representation on the ballot to be voted at the next general election, November fifth, nineteen hundred and forty. Such representation being certified to in the form of certificates heretofore filed with the Clerk of the Peace on the fifteenth day of October, nineteen hundred and forty.

For the reasons herein stated, the motions of the defendant to dismiss are, therefore, denied, and the issuance of a peremptory writ of mandamus is hereby ordered.